UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-119-PEP

JAMES R. MURRIEL,                                                                  PLAINTIFF,

V.         **MEMORANDUM OPINION
           AND ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,                                                   DEFENDANT.

## I.  INTRODUCTION

Plaintiff, James R. Murriell, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for a period of disability and disability insurance benefits.  This matter has been referred to the undersigned for decision and entry of final judgment by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, Plaintiff's motion for summary judgment shall be denied, Defendant Commissioner's motion for summary judgment shall be granted, and Judgment shall be entered affirming the final decision of the Defendant Commissioner.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his application for a period of disability and disability insurance benefits on June 12, 2003.  (Tr. 52-54.)  The claim was denied initially and on reconsideration. (Tr. 36-39, 42-44.)  At Plaintiff's request, an administrative hearing, presided by Administrative Law Judge Roger L. Reynolds (hereinafter "ALJ"), was conducted on September 20, 2004.  (Tr. 208-236.)  Plaintiff, accompanied by his attorney, testified at the hearing.  (Id.)  Also testifying was vocational expert Carol Tarban (hereinafter "VE").  (Id.)  On November 19, 2004, the ALJ issued an adverse administrative decision.  (Tr. 14-25.)  The ALJ found that Plaintiff was not disabled and therefore did not qualify for a period of disability or disability insurance benefits. (Id.)  The Appeals Council declined to review the ALJ's decision (Tr. 7-9) and Plaintiff now seeks judicial review.

Plaintiff was forty-nine years old at the time of the administrative decision.  (Tr. 18, 98.)  He has a twelfth grade education with vocational training in mine machinery and repair at the Mayo Vocational School.  (Tr. 98.)  Plaintiff's past relevant work experience consists of employment as a roof bolter at various coal mine companies. (Tr. 70.)  At the outset, the ALJ found that Plaintiff met the disability insured status requirement for a period of disability and disability insurance benefits under the Social Security Act, see generally 20 C.F.R. §§ 404.130-404.132, and was insured for

2

benefits through November 19, 2004. (Tr. 23.) At the first step of the sequential evaluation process, see generally 20 C.F.R. § 404.1520, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 2, 2003, the alleged onset date of disability. (Tr. 23.) At the second step, the ALJ found that Plaintiff's pneumoconiosis, irritable bowel syndrom, decreased hearing, chronic low back pain, and left leg pain secondary to degenerative disc disease of the spine were severe within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 404.1521. (Tr. 23.) At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. 24.) At the fourth step, the ALJ found that Plaintiff was unable to perform any of his past relevant work, see 20 C.F.R. § 404.1565(a). (Tr. 24.)

At the fifth and final step, relying on the testimony of the VE and taking into consideration the Plaintiff's age, educational background, past relevant work experience, and residual functional capacity (hereinafter "RFC")[1], the ALJ found that

---

[1] An RFC is the assessment of the claimant's maximum remaining capacity to perform work related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708 at *11 (6th Cir. Jan. 12, 2001). In the instant case, the ALJ assessed the following RFC:

> [Plaintiff] has the residual functional capacity for light work with no climbing of ropes, ladders or scaffolds and occasional climbing of stairs and ramps. [Plaintiff]

Plaintiff was capable of making a successful adjustment to work existing in substantial numbers in the national economy.² (Tr. 22-24.) Accordingly, the ALJ found Plaintiff not disabled at step five of the sequential evaluation process. See 20 C.F.R. § 404.1520(g). The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 4, 2005. (Tr. 7-9.) Plaintiff thereafter filed this action. By virtue of the parties' stipulations of consent (Record No. 2), this matter is before the undersigned for decision upon the parties' motions for summary judgment (Record Nos. 6 and 7), which are now ripe for review.

### III. ANALYSIS

#### A. General Standard of Review

---

> may occasionally bend, twist, stoop, kneel, crouch or crawl and may never perform any aerobic activities or operate foot pedal controls. [Plaintiff] may not be exposed to concentrated dust, gases, fumes, chemicals, temperature extremes or excess humidity or vibration. [Plaintiff] is unable to work in excessively noisy environments or where acute hearing is required for safety or job performance.

(Tr. 24.)

² Although not per se required, the testimony of a VE is the preferred method of supporting a finding that a claimant is capable of making an adjustment to work found in substantial numbers in the national economy. See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043 at *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538 at *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978). In the instant case, at the light exertional level, the VE identified office clerk (500,000 jobs nationally and 7,000 jobs in Kentucky) and entry level cashier or sales clerk (1,200,000 jobs nationally and 22,000 jobs in Kentucky) as jobs existing in substantial numbers in the national economy that an individual of Plaintiff's age, educational background, past work experience, and assumed limitations could perform. (Tr. 232-233.)

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461

U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

### B.  Plaintiff's Contentions on Appeal and Analysis

On appeal to this Court, Plaintiff argues that the ALJ erred by failing to consider the extent of the overall problem in Plaintiff's back and its disabling characteristics, including chronic severe pain.  At its core, Plaintiff's argument is that the ALJ failed to discuss and consider the evidence in the record tending to establish disability.  For example, Plaintiff complains that the ALJ omitted crucial evidence in his discussion of Dr. Brett A. Scott's report, which included Dr. Scott's opinion that Plaintiff's left leg pain was consistent with radiculopathy and neurogenic claudication related to Plaintiff's lumbar stenosis at L4-5 and L5-S1.  (See Tr. 122.)

In a Social Security disability benefits case, an ALJ need not discuss every piece of evidence in the record for the decision to stand.[3]  Thacker v. Comm'r of Soc. Sec., 2004 U.S. App. LEXIS 10277 at *9 (6th Cir. May 21, 2004); Barlow v. Sullivan,

---

[3] It should be noted that a reviewing court may even examine evidence not discussed in the ALJ's decision.  Walker v. Sec'y of Health & Human Servs., 884 F.2d 241, 245 (6th Cir. 1989).

1991 U.S. App. LEXIS 4121 at *16 (6th Cir. Mar. 7, 1991); see also Allison v. Comm'r of Soc. Sec., 1997 U.S. App. LEXIS 4483 at *9 (6th Cir. Mar. 6, 1997). On appeal to this Court, the scope of review is narrow. The decision of an ALJ finding a claimant not disabled and denying benefits must be affirmed if supported by substantial evidence in the record. 42 U.S.C. § 405(g); Abbott, 905 F.2d at 922; see also Jones, 945 F.2d at 1368-1369. Thus, even where a reviewing court may have decided the case differently on substantial evidence to the contrary, the decision of an ALJ must be affirmed if the decision is supported by substantial evidence. See Crisp v. Sec'y of Heath & Human Servs., 790 F.2d 450, 453 n. 4 (6th Cir. 1986); Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989); Paugh v. Sec'y of Health & Human Servs., 1994 U.S. App. LEXIS 4165 at *3 (6th Cir. Mar. 4, 1994).

Although an ALJ is afforded a "zone of choice" within which to proceed without interference from the courts, see Mullen, 800 F.2d at 545, courts cannot endorse an ALJ's decision when that decision focuses on one piece of evidence and disregards other pertinent evidence, Elliott v. Apfel, 2002 U.S. App. LEXIS 1066 at *16-17 (6th Cir. Jan. 22, 2002); see also Morris v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 5113 at *6-7 (6th Cir. Apr. 18, 1988) (noting that although reviewing courts do not require a written evaluation of every piece of evidence and testimony submitted, a minimal level of articulation of the ALJ's assessment is

necessary in cases where considerable evidence is presented to counter the agency's position).

In the instant case, the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence in the record. The ALJ noted that Dr. Scott reported no definitive findings upon examination, negative straight leg test, intact motor and sensation, and four out of five strength in Plaintiff's extremities. (Tr. 19, 123, 125.) The ALJ also noted that Dr. Joseph Rapier's diagnosis of degenerative disc disease in the lumbar spine was without radiculopathy. (Tr. 19, 130.) Dr. Rapier also completed a medical assessment of Plaintiff's ability to perform work-related activities. (Tr. 131-133.) In view of the regulatory definition of light work[4] and the less work prohibitive RFC assessments completed by the State agency medical consultants, it appears that the ALJ fashioned his RFC assessment in large part on the basis of Dr. Rapier's assessment. (See Tr. 19, 131-133, 153-159, 166-173.) Additionally, the ALJ noted that Dr. Robert R. Miller reported only a benign bone cyst in the base of the third metatarsal of the left foot and an absence of a specific problem with Plaintiff's feet that could cause the alleged level of problems. (Tr. 19, 134-138.)

As Plaintiff accurately contends, the record also contains substantial evidence

---

[4] Light work is defined as involving lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. § 404.1567(b).

upon which a contrary decision could be reached.  However, as indicated above, the existence of such evidence is insufficient grounds for reversal.  See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90; Crisp, 790 F.2d at 453 n. 4; Smith, 893 F.2d at 108; Paugh, 1994 U.S. App. LEXIS 4165 at *3.  Furthermore, this is not a case where the ALJ focused on one piece of evidence to the exclusion of other pertinent evidence supporting a finding of disability.  In his decision, the ALJ discussed the MRI results revealing evidence of disc degeneration at L2-3, L4-5, and L5-S1 with lateral recess stenosis at L4-5 and L5-S1.  (Tr. 19.)  The ALJ also noted that X-rays of the lumbar spine revealed degenerative changes and loss of normal curvature with spurring of the vertebral bodies at L2 and L3.  (Tr. 19.)  As further illustration of this point, the ALJ cited Dr. Ayesha Sikder's diagnosis of severe chronic obstructive pulmonary disease and X-ray results revealing parenchymal abnormalities, consistent with pneumoconiosis.  (Tr. 19-20.)  Thus, contrary to Plaintiff's argument, the ALJ in the instant case did not only consider the evidence that reinforced his ultimate decision finding Plaintiff not disabled.

Moreover, the ALJ's decision was partly based on his finding that Plaintiff's allegations regarding his limitations were not entirely credible.  (Tr. 24.)  As support for this finding, the ALJ noted that Dr. Mark Carter reported that Plaintiff put forth submaximal effort on strength testing.  (Tr. 20, 147.)  As also noted by the ALJ, Dr.

Carter stated: "I do not doubt that [Plaintiff] has some pathology in his lower back but there does appear to be some magnification." (Tr. 149.)  Findings with regard to credibility should not be lightly discarded as this Court owes substantial deference to an ALJ's credibility determinations.  See Villarreal v. Sec'y of Health & Human Servs., 818 F.2d 461, 463 (6th Cir. 1987); Siterlet v. Sec'y of Health & Human Servs., 823 F.2d 918, 920 (6th Cir. 1987); Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984).

## IV.  CONCLUSION

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence.  Abbott, 905 F.2d at 922; see also Jones, 945 F.2d at 1368-69.  In the instant case, substantial evidence exists in the record to support the ALJ's finding that consistent with Plaintiff's vocational factors and RFC, Plaintiff is capable of making a successful adjustment to work existing in substantial numbers in the national economy.  Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1)   Defendant Commissioner's motion for summary judgment (Record No. 7) is hereby GRANTED.

(2)   Plaintiff's motion for summary judgment (Record No. 6) is hereby

DENIED.

(3)   Judgment be entered affirming the Commissioner's decision, dismissing this action with prejudice, and directing that this action be stricken from the Court's docket.

Signed December 29, 2005.



Date of Entry and Service: